RICHARD G. STAAB, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7359

September 23, 1974                    526 P.2d 338

*Alfred Becker,* of Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney, and *Kathleen M. Wall,* Assistant Chief Deputy District Attorney, Washoe County, for Respondent.

348

## OPINION

By the Court, ZENOFF, J.:

Richard G. Staab was charged in one count with grand larceny in the theft of four men's jackets from Weinstock's department store in Reno and on a second count with possession of stolen property.[1] A motion to suppress evidence was heard in advance of trial because the items allegedly in Staab's possession were taken from his car. The motion was denied and the case tried before a jury who found him guilty on both counts. He was sentenced to two consecutive 10-year terms in the state prison.

The major issue on appeal challenges the denial of the

---

[1] The statute under which Staab is charged, NRS 205.275, in count two reads:

1. Every person who for his own gain or to prevent the owner from again possessing his property shall buy, receive, possess or withhold stolen goods or anything, the stealing of which is declared to be larceny or property obtained by robbery, burglary or embezzlement:

(a) knowing the same so to have been obtained; or (b) under such circumstances as should have caused a reasonable man to know that such goods or property were so obtained shall upon conviction be punished by imprisonment in the state prison. . . .

motion to suppress evidence on the ground that the merchandise was illegally seized by reason of an invalid search of the automobile. Prior to the search in question, Staab was known to the police as a shoplifter and fence of stolen merchandise. On September 21, 1972 the police of Sparks, Nevada, were notified by the manager of the Seven Dwarfs Motel in Sparks that a person registered in the motel was acting suspiciously. Police investigation revealed that Staab was registered there under a fictitious name. The manager, a woman, observed numerous boxes of merchandise, as well as many loose items in his room including considerable new clothing still bearing price tags from which the store name had been removed. In fact, some merchandise tickets with names removed were found in the garbage can behind the motel. She observed new bed sheets of several kinds, pillow cases, a motor saw, hedge clippers, half-gallon or gallon bottles of liquor, perfumes, a coffee pot, a hot air comb, and a Sunbeam model iron marked "For display only."

She observed Staab carrying boxes and packages from time to time between the motel room and his automobile.

Detectives observed Staab at a market where he removed tools from a counter but was not observed returning them, although he left the store without making any purchases. On the evening he was arrested Staab was seen loading eight boxes and loose clothing into the trunk of his car. He was arrested shortly after he left the motel for registering under a fictitious name.

The car was driven to the police station where it was stored and inventoried. The police found the merchandise above listed which included four men's blue suede jackets with the tags still affixed. The jackets were traced to Weinstock's department store, determined to have been part of the Weinstock inventory and no sales slips were found to indicate that the jackets had been purchased.

Staab did not testify. A jury found him guilty of grand larceny in the theft of the jackets and of possession of stolen property. The principal issue on appeal is whether or not the seizure of the property at the police compound without a warrant was proper.

1. The circumstances known to the police by reason of their personal knowledge and observation supported an immediate search of the car upon probable cause to believe that it contained stolen merchandise. Although the search was not incident to the arrest it was an appropriate search in light of

all of the knowledge at the disposal of the police. Because a search at the scene of the arrest would have been valid, the search a short time later at the police station was likewise valid. Chambers v. Maroney, 399 U.S. 42 (1970). Wright v. State, 88 Nev. 460, 499 P.2d 1216 (1972), is authority for the position that police officers given the exigent circumstances of Staab's history and his conduct, had reasonable cause to believe the auto contained items subject to seizure. It matters not that the police search was thought by them to be rightful under their duty to inventory the contents of vehicles in their custody. Our conclusion rests squarely upon Chambers v. Maroney, supra, and Wright v. State, supra.

2. Staab also contends that the State failed to prove his guilt beyond a reasonable doubt. Although the jackets were not proved to have been stolen by him by eyewitness testimony, the circumstantial chain of facts by which Weinstock's established ownership and possession and then the disappearance of the jackets, the absence of sales slips or any evidence of sales, together with Staab's possession was enough to satisfy the jury that he had stolen them.

Recent, exclusive and unexplained possession of stolen property by an accused person gives rise to an inference of guilt which may be sufficient to convict in the absence of other facts and circumstances which leave a reasonable doubt in the minds of the jury. People v. Weaver, 163 N.E.2d 483 (Ill. 1959). It is the fact of possession that provides the inference of guilt, an inference which is founded on the manifest reason that when goods have been taken from one person and are quickly thereafter found in the possession of another there is a strong probability that they were taken by the latter. State v. Young, 217 So.2d 567 (Fla. 1968). Weinstock's prior ownership was clearly established and Staab's possession under all the circumstances raised the inference of guilt that was left unexplained.

3. In the second count charging possession of stolen property, however, the police failed or were unable to find who, other than Staab, owned the various items of merchandise in addition to the jackets which were found in the trunk of his car. The question is then whether proof that that property was stolen could be established beyond a reasonable doubt by the circumstantial evidence which included: (1) evidence that four of the items in the trunk, to wit, the jackets, were

stolen, (2) evidence that Staab was in possession of the various items of new merchandise from which the tag bearing the store name had been removed, (3) testimony that no sales slips or shopping bags were found with the merchandise or in Staab's room at the motel, and (4) evidence that one of the items in Staab's possession was marked "For display only."

Although possession is relevant and admissible evidence it does not necessarily point to guilt. Carter v. State, 82 Nev. 246, 415 P.2d 325 (1966). In People v. Occhipinti, 216 N.Y.S.2d 121 (1961), the accused was arrested a short distance from the place where he had loaded three cartons of allegedly stolen merchandise in the trunk of an automobile. They denied ownership of the merchandise. A warehouse manager identified the merchandise as coming from one of his two warehouses. An inventory of the warehouses revealed a shortage of merchandise. It was there held that the accusation of receiving stolen property consists of (1) the property must be stolen, (2) it must be received by the accused with the knowledge that it was stolen at the time of the receiving, and (3) it must be received by him with the felonious intent of depriving the true owner of the property. The burden of proof of these three essential elements rests upon the prosecution. A presumption of the elements is not a substitution for actual proof. The court exonerated the defendant on the basis that the prosecution failed to establish that the merchandise found in the possession of the defendant had been stolen or that the defendant had knowledge of its stolen character.[2] Here, other than the four coats and the suspicious circumstances there is no proof that the other merchandise was stolen. No one observed Staab in the act of taking any of the property and no one testified that the property had been taken from him. People v. Rossi, 59 P.2d 206 (Cal.App. 1936).

That part of the accusation based on possession of stolen

---

[2]The New York penal law in question differs from our own law but not in a way which should affect the outcome of this case. New York Penal Law, Section 1308. Buying, receiving, concealing or withholding stolen or wrongfully acquired property.

A person who

1. a. Buys or receives any property knowing the same to have been stolen or obtained in any way under circumstances which constitute larceny or who conceals, withholds, or aids in concealing or withholding any property, knowing the same to have been stolen, or appropriated wrongfully in such a manner as to constitute larceny under the provisions of this article, . . .

property as set forth in count two of the criminal complaint is reversed and the sentence of two ten-year consecutive terms in the state prison is modified to the one ten-year term under count one.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.