WILLARD ROSS BRYMER, APPELLANT, *v.* THE STATE OF NEVADA, RESPONDENT.

No. 7293

December 2, 1974        528 P.2d 1025

*Michael C. Farris,* of Incline Village, for Appellant.

*Robert List,* Attorney General, Carson City; *Robert E. Rose,* District Attorney; *Kathleen M. Wall,* Assistant Chief Deputy District Attorney; and *Mills Lane,* Deputy District Attorney, Washoe County, for Respondent.

**OPINION**

By the Court, Mowbray, J.:

Appellant, Willard Ross Brymer, was found guilty of illegal possession of marijuana, in violation of NRS 453.336. He seeks reversal of his conviction on two grounds: (1) that the marijuana was illegally received in evidence and (2) that a remark made by the prosecutor in the jury's presence prejudiced his right to a fair trial.

1. Two police officers observed Brymer's car being driven in Reno during early morning hours without any visible license plates and stopped the vehicle. Brymer was seated in front on the passenger side while a codefendant occupied the driver's seat. Recognizing Brymer, the officers radioed the police station and were informed of an outstanding arrest warrant on an assault and battery charge against him. They placed Brymer under arrest and had his car towed to the department's impound lot. When the officers "inventoried" the vehicle in accordance with the department's established rules and regulations, they found in plain view a large, crumpled grocery bag on the floor of the front seat of the car immediately in front of the place where Brymer had been seated. Looking into the bag, the officers saw what they believed to be marijuana. Subsequent tests confirmed that it was such. Brymer, through counsel, filed a pretrial motion to suppress, which was denied, and over objection the marijuana was received in evidence during the trial.

2. Brymer contends that the "inventory" of the car was a search and therefore the seizure of the marijuana was in derogation of the constitutional rights guaranteed to him under the Fourth Amendment. We do not agree. The Supreme Court of the United States, in United States v. Robinson, 414 U.S. 218 (1973), and again in Gustafson v. Florida, 414 U.S. 260 (1973), held that the Fourth Amendment does not bar the admission in evidence of narcotics discovered by a police officer during a thorough search of an arrested traffic offender and the area within his immediate control, the High Court

ruling that search incident to lawful arrest requires no justification beyond the fact of the arrest itself. Here the officers, pursuant to an outstanding warrant and traffic violation, placed Brymer under arrest and took him into lawful custody. Once they did so they had a right to search him and the immediate area where he was seated. Cf. Chimel v. California, 395 U.S. 752 (1969). Although the officers did not conduct the search until after the vehicle was taken to the impound lot, since the officers had the right to search the area where they found the marijuana at the time of the arrest, we believe that the delayed search was legal. Cf. Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974); United States v. Edwards, 94 S.Ct. 1234 (1974); Chambers v. Maroney, 399 U.S. 42 (1970). Consequently, the seizure of the marijuana was permissible and its introduction into evidence proper.

3. During trial, in the presence of the jury, the prosecutor offered into evidence a copy of Brymer's prior judgment of conviction for illegal possession of narcotics. Defense counsel inquired, "Exemplified copy?", and the prosecutor replied, "Conviction of possession of marijuana." There was an immediate objection, whereupon the judge excused the jury and directed counsel to accompany him to chambers. There is no record of what transpired in chambers, but we do know that counsel stipulated to Brymer's knowledge of marijuana (which was the State's purpose for offering the copy of Brymer's prior conviction). The State then withdrew its offer. The court instructed the jury to disregard the prosecutor's statement and ordered the remarks stricken from the record.[1]

Defense counsel agreed to the stipulation and had no further objection at trial to the manner in which the court disposed

[1]"THE COURT: . . . We have had discussions by counsel and Court, points and authorities were argued by counsel, and as a condition of our discussions, counsel for the defendant, Mr. Martillaro, has offered to stipulate that the defendant, Willard Ross Brymer, . . . has knowledge of marijuana. And the Court, under those circumstances, is going to exercise its discretion to exclude the document marked Exhibit B, State's Exhibit B, and the Court will give a cautionary instruction to the jury in which it will state in substance that the remarks made by Mr. Lane when he offered State's Exhibit B or when he asked to have State's Exhibit B marked will be disregarded by the jury. Is that substantially what we reached today?

"MR. MARTILLARO [defense counsel]: It is so stipulated, your Honor, and it is substantially what we've discussed off the record."

of the prosecutor's unfortunate remark. We see no significant prejudice to Brymer.

We therefore affirm Brymer's judgment of conviction.

THOMPSON, C. J., and GUNDERSON, BATJER, and ZENOFF, JJ., concur.