DIETRICH H. WIECHERS, Appellant, v. SHERIFF, WASHOE COUNTY, NEVADA, Respondent.

No. 8541

December 24, 1975                    543 P.2d 1347

*Michael R. Specchio,* Reno, for Appellant.

*Robert List,* Attorney General, Carson City; *Larry R. Hicks,* District Attorney, and *Mills B. Lane,* Deputy, Washoe County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination Dietrich H. Wiechers was ordered to stand trial on a six count information charging him with receiving and possessing stolen property, felonies under NRS 205.275. Wiechers then sought and was denied habeas; and, in this appeal he contends we are compelled to reverse because the state failed to produce sufficient evidence to establish probable cause that he committed the charged offenses. We agree.

The only incriminating evidence was that given by Alan Charleston, who had a felony record as a juvenile, and William Panos, an outpatient at the state mental hospital. The thrust of their testimony was (1) they would steal Volkswagen automobiles; (2) they would then remove the engines from the vehicles; and, (3) they would sell some of the stolen engines to Wiechers, who would, apparently, rebuild the engines and sell them for a profit. Both Charleston and Panos testified that at no time did they tell Wiechers that the engines were stolen.

The record shows the testimony of Charleston and Panos was given in exchange for the prosecutor's agreement, *inter alia,* to afford them partial immunity and other special considerations.

This record is barren of any inference or suggestion that Wiechers was implicated in any manner in—or with—the Volkswagen theft ring; and, in fact, it affirmatively shows that

he had no knowledge that the engines had been stolen.[1] See Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974). Furthermore, Wiechers paid for the stolen engines in the ordinary course of business with his "regular" business checks. This conduct alone appears to us to be inconsistent with the state's argument that Wiechers knew of and participated in the charged criminal activity.

Accordingly, we conclude the state did not meet its burden of showing probable cause, as required by NRS 171.206. We reverse and remand this case to the district court with instructions to grant the petition for the writ of habeas corpus.

---

[1]Based on statements by Charleston and Panos a search warrant issued and the authorities found that 3 of the 175 or more Volkswagen engines in Wiechers' inventory came from cars that had been reported stolen. In the factual context of this case we deem this evidence insufficient to show that Wiechers had knowledge that he had bought stolen merchandise.