## GEORGE L. ALLAN, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 7831

May 28, 1976                    549 P.2d 1402

*Morgan Harris,* Public Defender, and *Gary White* and *Stephen L. Huffaker,* Deputy Public Defenders, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *H. Leon Simon* and *Rimantas A. Rukstele,* Deputy District Attorneys, Clark County, for Respondent.

# OPINION

By the Court, MOWBRAY, J.:

A jury found the appellant, George L. Allan, guilty of the infamous crime against nature committed upon the person of one under the age of 18 years. In accordance with the mandatory sentencing provision of NRS 201.190, subsection 1(a),[1] Allan was sentenced to life imprisonment in the state penitentiary with possibility of parole. He has appealed from his judgment of conviction, asserting several assignments of error.

On the evening of September 14, 1973, three minor boys, aged 16, 15, and 14, went to Allan's house trailer. Allan showed the boys a pornographic movie. During the movie, Allan made advances toward the two older minors. After the movie, he committed acts of fellatio upon each of the older boys and asked them to commit said act upon him. They complied, and at the conclusion Allan masturbated in their presence. Allan was charged and found guilty of one crime only, *i.e.,* the infamous act against nature, committed upon the oldest boy. At trial, both the older boys testified regarding the above-mentioned events. Allan took the stand. He agreed that the three boys had come to his house trailer late in the evening; that he admitted them, told them he was tired; and that he retired to his bedroom while they watched television. In the morning, Allan said, he found the three boys asleep in various parts of the trailer; he fixed them a breakfast, and they left. While Allan stated that he owned the pornographic movie that the boys claim he showed them, he claims that he never showed it to them. He flatly denied ever molesting the children at any time. Other defense witnesses testified as to his good character traits and that they would be willing to entrust their children in his care. In rebuttal, the State called a minor boy, aged 13

---

[1]NRS 201.190, subsection 1(a):

"1. Except as provided in subsection 2, every person of full age who commits the infamous crime against nature shall be punished:

"(a) Where physical force or the immediate threat of such force is used by the defendant to compel another person to participate in such offense, or where such offense is committed upon the person of one who is under the age of 18 years, by imprisonment in the state prison for life with possibility of parole, eligibility for which begins, unless further restricted by subsection 3, when a minimum of 5 years has been served."

years, who testified that he had seen pornographic movies at Allan's home. A minor girl, aged 12, testified that Allan had shown her the same movie he had shown the three boys on the evening of September 14, 1973, and that Allan had then kissed her and fondled her thighs.

Allan's principal complaint on appeal is that the trial court committed prejudicial error by admitting into evidence acts other than the sole crime with which he was charged in the Information.

Allan first objects that it was error for the court to permit the boys to testify to the acts of fellatio committed by Allan on the boys, and such acts committed by them on him, except the sole act with which he was charged. He also contends that it was error to permit the boys to testify that he masturbated in their presence after the other sexual acts were completed, as such conduct is evidence of another crime, *i.e.*, lewdness with a minor.

We do not agree. The testimony regarding the additional acts of fellatio, as well as the act of masturbation, was admissible as part of the *res gestae* of the crime charged. Testimony regarding such acts is admissible because the acts complete the story of the crime charged by proving the immediate context of happenings near in time and place. Such evidence has been characterized as the same transaction or the *res gestae*.[2]

In California, the court ruled in People v. Thomas, 83 Cal. Rptr. 879, 882 (Cal.App. 1970), a case where the appellant

---

[2]See State v. Villavicencio, 388 P.2d 245 (Ariz. 1964) (sales of narcotics to A and B at same time and place; evidence of sale to A admissible in prosecution for the sale to B; the court said, at 246, "This principle that the complete story of the crime may be shown even though it reveals other crimes has often been termed 'res gestae' . . . . [W]e choose to refer to this as the 'complete story' principle . . ."); State v. Klotter, 142 N.W.2d 568 (Minn. 1966) (burglary of sporting goods store; evidence of burglary of home of friend of defendant's family, 5 miles away on same night admissible, where guns from both burglaries found in defendant's possession); State v. Hendrix, 310 S.W.2d 852 (Mo. 1958) (prosecution of convict for damaging penitentiary building by sawing bars on window; evidence of attempted escape of defendant and others, which was the purpose of the sawing, admissible as "circumstantial evidence of guilt"); State v. Salgado, 38 Nev. 64, 145 P. 919 (1914), *rev'd on other grounds*, 38 Nev. 413, 150 P. 764 (1915) (in a prosecution for killing by stabbing, evidence that the defendant stabbed another man during a fight over the deceased a few minutes before he stabbed the deceased was admissible in that it was a contemporaneous crime, the circumstances of which were inseparable from the crime charged).

was tried and convicted of eight different criminal counts, including rape and sodomy, that evidence concerning an additional sodomitical act not charged in the indictment but committed immediately after the offenses charged was properly received in evidence. The court, in affirming previous authority, held that when several crimes are intermixed or blended with one another, or connected such that they form an indivisible criminal transaction, and when full proof by testimony, whether direct or circumstantial, of any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme.

We conclude, therefore, that, under the *res gestae* rule, testimony concerning the acts of fellatio, climaxed by Allan's final act of masturbation, were all admissible as part of the "same transaction" committed by Allan on the evening in question.

We turn to consider the testimony of the minors called in rebuttal by the State. Allan flatly denied any wrongful acts with the three boys. Although he admitted ownership of the pornographic film, he said that he had never shown the movie to the minor boys. He claimed to be a virtuous man with great interest in children. He said he served as a Scout leader. Witnesses called in his behalf testified that they would be willing to leave their children in his care. In rebuttal, two minors testified that they had been invited into his motor home, and they had seen pornographic movies. The minor girl testified that, after the showing of the very film shown the boy upon whom the crime charged was committed, Allan kissed her and fondled her thighs. Though improper character witness rebuttal, this evidence was nevertheless admissible under subsection 2 of NRS 48.045,[3] as tending to show proof of a motive or a common plan or scheme wherein minors were lured to appellant's quarters and, after being "conditioned" by the showing of his pornographic movies, subjected to his sexual desires.[4]

---

[3]NRS 48.045, subsection 2:

"2. Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

[4]See Gregg, *Other Acts of Sexual Misbehavior and Perversion as Evidence in Prosecutions for Sexual Offenses,* 6 Ariz. L. Rev. 212, 229–230 (1965), states:

". . . The other offenses offered in evidence tend to establish a very

Remaining assignments of error have been considered, and we find them meritless. Therefore, we affirm the judgment of the lower court.

BATJER, ZENOFF, and THOMPSON, JJ., concur.

GUNDERSON, C. J., concurring:

Although I can concur in the result reached by my brethren, I suggest we should not re-institute use of the term *"res gestae,"* which I believe the Nevada Evidence Code renders obsolete, and which I believe lacks utility. See: I J. Wigmore, Evidence, § 218 at 720–721 (3rd ed. 1940).

Moreover, while the error may be deemed harmless upon the record of this case, I cannot agree that testimony of a different kind of sexual misconduct, with a child of a different sex, on a different day, can properly be admitted to show "motive or a common plan or scheme."

distinctive *modus operandi,* and there are often a number of different witnesses who can testify to similar offenses against themselves. A typical case is *State v. McDaniel* [, 80 Ariz. 381, 298 P.2d 798 (1956)]. In this case, prior acts of fellatio alleged to have been committed within a month of the offense for which defendant was standing trial were admitted into evidence. There were three other witnesses. Each told of experiences, which if believed, indicated a very distinctive pattern of luring boys and inducing them to cooperate in performing the acts. The court upheld admission of this evidence on the ground that it tended to show a scheme or plan. [Footnote omitted.] The court said,

" 'In the instant case the testimony of these three other boys—as to the manner of meeting defendant, the inducements offered and the temptations flaunted before them, the insidious *modus operandi* on the part of defendant of an unnatural and lascivious nature—all tends to suggest a scheme of seduction in many respects identical with that practiced in the instance for which defendant is here tried. . . . [M]any courts recognize a limited exception in the area of sex crimes to prove the nature of the accused's specific emotional propensity. . . . Of course, this exception would be subject to the limitation of relevant nearness in time, and would not apply to mere criminal tendencies in general as distinguished from specific sexual inclinations. [State v. McDaniel, 80 Ariz. 381, 387–388, 298 P.2d 798, 802–803 (1956).]' "