JIMMIE EDWARDS, APPELLANT, *v.* SHERIFF, CLARK COUNTY, NEVADA, RESPONDENT.

No. 9347

January 19, 1977                    558 P.2d 1144

*Morgan D. Harris,* Public Defender, and *James Porter,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Rimantas A. Rukstele,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Jimmie Edwards was ordered to stand trial for unlawfully taking a vehicle without the consent of the owner, a gross misdemeanor under Nev. Rev. Stat. § 205.2715. Edwards then filed a petition for a writ of habeas corpus contending there was insufficient evidence adduced by the prosecution to establish probable cause that he committed the charged offense. The district judge considered and denied the petition and in this appeal Edwards advances the same contention.

The record establishes that, on September 30, 1976, Edwards and another individual were transporting a motorcycle through Las Vegas in the open trunk of an unlicensed automobile. A police officer stopped the vehicle and, while checking the registration of the motorcycle, learned that it (the motorcycle) had been reported stolen the previous day. Edwards and his companion were then arrested.

The thrust of Edwards's contention below, and here, is directed to the presumption created by the statute under which he is charged.[1] He offers the conclusion that there is no rational

---

[1]Nev. Rev. Stat. § 205.2715 provides, in part:

"1. Every person who takes and carries away or drives away the vehicle of another without the intent to permanently deprive the owner thereof but without the consent of the owner of such vehicle is guilty of a gross misdemeanor.

"2. *Every person who is in possession of a vehicle without the consent of the owner of such vehicle is presumed to have taken and carried away or driven away the vehicle.*" (Emphasis added.)

connection between the presumed fact (taking of the vehicle) and the proved fact (possession without the owner's consent); hence, he argues, the statutory presumption is unconstitutional and cannot support the magistrate's belief that he (Edwards) committed the charged offense. We disagree.

We believe the statutory presumption valid because there is substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. Cf. Leary v. United States, 395 U.S. 6 (1969).

There is a rational connection between the facts proved and the facts presumed (the conclusion that Edwards took the motorcycle (the presumed fact) flows with substantial assurance from his possession of it without the owner's consent (the proved fact)). Carter v. State, 82 Nev. 246, 415 P.2d 325 (1966). Thus, the requirements of due process are not offended. Cf. Mitchell v. State, 92 Nev. 458, 552 P.2d 1378 (1976), and cases cited therein; Nev. Rev. Stat. § 47.250. We therefore perceive no error in the district judge's determination that there was probable cause to hold Edwards for trial on the charged offense.

Affirmed.