HENNY BERNIER, Appellant, *v.* SHERIFF,
CLARK COUNTY, NEVADA, Respondent.

No. 10118

October 5, 1977                    569 P.2d 406

*Morgan D. Harris,* Public Defender, and *R. Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *Bill C. Hammer,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

At the conclusion of a preliminary examination, Henny Bernier was ordered to stand trial for possession of stolen property, a violation of NRS 205.275.[1] Bernier then petitioned for a writ of habeas corpus contending the evidence adduced by the prosecution was insufficient to establish probable cause that she had committed the charged offense. The district court considered and denied her petition and Bernier here reasserts the same contention.

Bernier does not deny having possessed the property; rather, she argues the proof did not show that she knew the property was stolen and that such knowledge cannot be inferred from mere possession.

We agree that mere possession is insufficient to establish the requisite knowledge; however, possession is a fact which may be considered with all other facts by a reasonable person in formulating a strong suspicion that Bernier knew the property was stolen. *See* Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974); People v. Martin, 511 P.2d 1161 (Cal. 1973); People v. Schamber, 513 P.2d 205 (Colo. 1973); State v. Tollett, 431 P.2d 168 (Wash. 1967).

Here, the evidence showed (1) Bernier was the owner and co-occupant of the house where the stolen property was seized and, (2) she had been seen at the house from which the property was stolen shortly before the theft was reported. We think these facts, coupled with her unexplained possession, come

---

[1]NRS 205.275 provides, in pertinent part:

"1. Every person who, for his own gain, or to prevent the owner from again possessing his property, shall buy, receive, possess or withhold stolen goods, or anything the stealing of which is declared to be larceny, or property obtained by robbery, burglary or embezzlement:

"(a) Knowing the same as to have been obtained; or

"(b) Under such circumstances as should have caused a reasonable man to know that such goods or property were so obtained, . . ."

within our holding in *Staab* where we wrote that such "possession of stolen property by an accused person gives rise to an inference of guilt . . . ." 90 Nev. at 350, 526 P.2d at 340. *A fortiori,* it supports a finding of probable cause. NRS 171.206.

We reject Bernier's ancillary argument on the authority of Cleveland v. State, 85 Nev. 635, 461 P.2d 408 (1969). *Cf.* NRS 34.370(2).

Affirmed.