WILBUR GEORGE HENRY, Appellant, *v.* SHERIFF, CLARK COUNTY, NEVADA, Respondent.

No. 10397

February 7, 1978                    574 P.2d 1011

*Jeffrey D. Sobel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, and *L. J. O'Neale,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Pursuant to a True Bill returned by the Clark County Grand Jury, Wilbur George Henry was charged by indictment with the felonious possession of stolen property (NRS 205.275). A pretrial petition for writ of habeas corpus was denied, and Henry has appealed contending (1) a lack of "admissible" evidence to establish probable cause; and (2) prosecutorial abuse.

Even if we accept Henry's claim that some of the evidence was inadmissible, his claim is without merit. In unchallenged evidence presented to the grand jury, the lessee of a 1976 Lincoln Continental automobile testified that "right after lunch" on April 5, 1977, he had left the automobile in the care of a hotel valet parking service. He also testified that when he called for the automobile the next day it could not be found.

In other unchallenged evidence an undercover police officer testified that on April 5, 1977, about 1:40 in the afternoon he met with Henry who stated that he wanted to sell a 1976 Lincoln automobile which he [Henry] had just stolen from a hotel parking lot. The officer testified that Henry "wanted a large sum of money," and after lengthy negotiations Henry was paid $1,000, and the officer took possession of the vehicle.

1. Although the present record shows some of the recited evidence is circumstantial, it is, in our view, sufficient to sustain the district judge's determination. This Court has consistently upheld convictions based on circumstantial evidence. *See, for example,* O'Brien v. State, 88 Nev. 488, 500 P.2d 693 (1972), and its progeny. *A fortiori,* such evidence will support a finding of probable cause.

Moreover, we have also held that "possession of stolen property by an accused person gives rise to an inference of guilt. . . ." Staab v. State, 90 Nev. 347, 350, 526 P.2d 338, 340 (1974). *A fortiori,* the police officer's testimony that Henry had

possession of the automobile supports the district judge's determination. The grand jury was entitled to conclude that probable cause existed to believe that appellant possessed stolen property for his own gain with knowledge of its stolen character. *See,* NRS 205.275(1).

2. In support of the assertion of prosecutorial abuse, Henry suggests the district attorney, by failing to instruct the grand jury as to applicable law, manipulated it by electing to pursue the charge of "possession of stolen property" rather than "grand larceny" which, according to Henry, was the appropriate offense and is more difficult to prove.[1] This claim is without merit. "The matter of the prosecution of any criminal case is within the entire control of the district attorney. . . ." Cairns v. Sheriff, 89 Nev. 113, 115, 508 P.2d 1015, 1017 (1973); NRS 173.045 and NRS 252.110.

Affirmed.

---
[1]The maximum penalty which can be assessed for either offense is 10 years imprisonment.