KIMBLE DUTTON, Appellant, v. THE
STATE OF NEVADA, Respondent.

No. 9886

July 26, 1978 · 581 P.2d 856

*Eric Zubel,* Las Vegas, for Appellant.

*Robert List,* Attorney General, Carson City; *George E. Holt,* District Attorney, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Kimble Dutton appeals from a conviction for possession of stolen property (NRS 205.275), contending the district court erred by admitting certain evidence, and instructing the jury. Dutton also claims the evidence was insufficient to sustain the conviction. Finding no reversible error, we affirm.

In 1976, the Las Vegas Metropolitan Police Department, in conjunction with the federal government, established an undercover "fencing" operation code-named "Operation Switch." Under the fictitious name of Acme Imports, undercover police officers purchased stolen merchandise. On September 27, 1976,

Dutton and his friend Russell Murray entered the store. Murray carried a wooden attache case and a paper bag; Dutton, another wooden case. Upon examination, the undercover officer discovered bronzeware in the attache cases, a Nicromat camera inside the paper bag, and two pistols. The officer subsequently purchased the goods.

At trial the owner of the camera and bronzeware testified that the items were stolen from his home the day before Dutton and Murray sold them to Acme. Testimony also indicated that Dutton participated in price negotiations over the bronzeware, but not with respect to the camera.

1. Dutton was indicted solely for possession of the stolen camera. He therefore claims it was impermissible to admit evidence dealing with his possession of the bronzeware, because it was not charged in the indictment.[1] Courts "have long adhered to the rule that all the facts . . . necessary to prove the crime charged in the in[dictment], when linked to the chain of events which support that crime, are admissible." People v. Anderson, 518 P.2d 828, 830 (Colo. 1974). "The state is entitled to present a full and accurate account of the circumstances of the commission of the crime, and if such an account also implicates the defendant or defendants in the commission of other crimes for which they have not been charged, the evidence is nevertheless admissible." State v. Izatt, 534 P.2d 1107, 1110 (Idaho 1975); see also Allan v. State, 92 Nev. 318, 549 P.2d 1402 (1976); State v. Sikes, 427 P.2d 756 (Or. 1967). Moreover, under our evidence code, "[e]vidence of other crimes, . . . may . . . be admissible [to show] proof of motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident." NRS 48.045; Elsbury v. State, 90 Nev. 50, 518 P.2d 599 (1974); Nester v. State, 75 Nev. 41, 334 P.2d 524 (1959). Here, Dutton claimed he did not personally possess the stolen camera, and did not have specific knowledge that it was stolen. See Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974). We therefore perceive no error by the district court in admitting the evidence to show both the circumstances surrounding the transaction, and Dutton's knowledge of the stolen character of the goods.

[1]Dutton claims he participated in negotiations with respect to the bronzeware, so Murray could obtain a higher price for the goods. He also insisted at trial that the goods were Murray's, and that he only drove Murray to Acme as a favor. He claimed that Murray kept all the sale proceeds.

2.  Dutton next claims the evidence was insufficient to sustain the conviction, because the State failed to prove he knew the camera was stolen, or that he personally had possession. In order to sustain a conviction for possession of stolen property the State must show: (1) the property was in fact stolen, (2) the property was possessed by the accused with knowledge that it was stolen at the time of possession, and (3) the property was possessed by him with the felonious intent of depriving the true owner of the property. *Staab,* cited above. ''Knowledge that property was stolen can seldom be proved by direct evidence and resort must often be made to circumstantial evidence. However, no distinction is made between direct and circumstantial evidence in the degree of proof required. [Citation omitted.] 'Possession of recently stolen property is so incriminating that to warrant conviction there need only be, in addition to possession, slight corroboration in the form of statements or conduct of the defendant tending to show his guilt.' [Citation omitted.]'' People v. Vann, 524 P.2d 824, 827 (Cal. 1974). There is abundant corroboration in the instant case: the camera was sold at a grossly inadequate price; Dutton engaged in furtive conduct in negotiating with the undercover officer; he knew the dealer was a fence; and conflicts were present in his testimony dealing with his reasons for coming to Acme.

Moreover, there were sufficient facts from which the jury could infer joint possession of the camera by Dutton and Murray, despite Dutton's insistence that Murray exclusively had possession. The jury as the sole and exclusive judge of the credibility of the witnesses was entitled to infer from all the facts and circumstances surrounding the case that Dutton did in fact possess the camera and share in the proceeds of the sale. *See, e.g.,* Wheeler v. State, 91 Nev. 119, 531 P.2d 1358 (1975). Joint possession of stolen property is sufficient to sustain the conviction. *Cf.* Eliason v. State, 511 P.2d 1066 (Alaska 1973); Davis v. State, 369 P.2d 879 (Alaska 1962); State v. Ashby, 459 P.2d 403 (Wash. 1969).

3.  Finally, we perceive no error by the district court in instructing the jury, because Dutton neither objected to the instructions given nor requested additional clarifying instructions. *See, e.g.,* Hudson v. State, 92 Nev. 84, 545 P.2d 1163

(1976); Geer v. State, 92 Nev. 221, 548 P.2d 946 (1976). Nor do we agree that the court was required to sua sponte give an instruction requiring acquittal if two reasonable theories of guilt or innocence were inferable from the record, where the jury was properly instructed regarding reasonable doubt. *See* Bails v. State, 92 Nev. 95, 545 P.2d 1155 (1976); Hall v. State, 89 Nev. 366, 513 P.2d 1244 (1973).

Affirmed.