MANUEL M. MONTES, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 10673

December 13, 1979                    603 P.2d 1069

*Morgan D. Harris,* Public Defender, and *R. Michael Gardner,* Deputy Public Defender, Clark County, for Appellant.

*Richard Bryan,* Attorney General, Carson City; *Robert J.*

892

*Miller,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Manuel M. Montes was tried by a jury and convicted of possession of a stolen vehicle, a violation of NRS 205.273. The appellant contended on appeal that the trial court erred in instructing the jury, in denying his motion for mistrial, and in denying his attorney's motion to withdraw as counsel.

On April 6, 1977, at approximately 1:30 a.m. in Clark

County, Nevada, a police officer in a patrol vehicle noticed a vehicle traveling in an erratic manner. He could see two occupants. The driver was a caucasian male and the passenger was a black male. The officer began to chase the suspect vehicle at high speeds. The chase terminated when the suspect vehicle spun out, causing a cloud of dust. A second officer observed the suspect vehicle spin out with the patrol car in pursuit. As the second officer traveled toward the scene, he saw the driver exit the suspect vehicle and run toward him. The second officer exited his patrol vehicle and gave chase, apprehending the appellant a few moments later. In the meantime, the first officer had apprehended the passenger. The officers subsequently learned that the suspect vehicle had been stolen between 4:30 p.m. and 7:00 p.m. the previous day.

Appellant testified at trial that he had been drinking heavily on April 5, 1977. He had completed a telephone call from a telephone booth near the place where the vehicles stopped. He saw the suspect vehicle "spin out," walked closer and saw the driver leave the vehicle to run. Appellant was returning to the telephone booth when appellant was apprehended as the driver of the suspect vehicle. No other witnesses were called on behalf of the appellant.

The first contention of error was that the jury was not properly instructed as to the elements of possession of a stolen vehicle. NRS 205.273 states:

> Any person who, with intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, shall receive or transfer possession of the same from or to another, or who shall have in his possession any motor vehicle which he knows or has reason to believe has been stolen, and who is not an officer of the law engaged at the time in the performance of his duty as such officer, shall be guilty of a felony and shall be punished by imprisonment in the state prison for not less than 1 year nor more than 10 years, or by a fine of not more than $5,000, or by both fine and imprisonment.

The statute forbids two types of criminal activity: receipt or transfer of stolen vehicles with intent to procure or pass title, and possession of stolen vehicles. In each type of crime the statute requires that the State prove the defendant knew or had reason to believe the vehicle was stolen. (*See* State v. Wise, 515 P.2d 644 (N.Mex. 1973), wherein the court of New Mexico has interpreted a similar statute.)

The trial court refused to give two instructions offered by the

defense.[1] First, appellant argued that, to be convicted of possession, appellant must have intended to procure or pass title to the vehicle. This is not the case. The intent element of taking or receiving in the first clause of the statute is not to be imparted to the second clause which makes mere possession of a vehicle, with the requisite knowledge of its stolen character, a crime.

Second, the statute does not require the state to prove that appellant intended to deprive the owner permanently of his vehicle (*Cf.* NRS 205.275, receiving stolen property.) We also note the exemption in the statute for officers of the law engaged in the performance of their duties. If mere possession of a vehicle with knowledge or reason to believe it was stolen were not intended to be the crime, there would be no reason to include the exemption for police officers.

For these reasons, rejection of appellant's proposed instructions Nos. 1 and 2 was not error.

With respect to the instruction given, to which appellant excepted, Instruction No. 6 stated:

> Any person who, for his own gain, or to prevent the rightful owner from again possessing his property, shall acquire or possess a motor vehicle, knowing the vehicle was stolen or *having reasonable cause to believe* that the vehicle was stolen, is guilty of possession of a stolen motor vehicle. (Emphasis added.)

Appellant urged that Instruction No. 6 was erroneous in that it required "reasonable cause to believe" rather than appellant's actual knowledge or actual belief. Direct proof of defendant's knowledge or belief is rarely available. We have held that possession of stolen property, with slight corroboration in the form of statements or conduct tending to show guilt,

---

[1] Appellant's proposed instructions were offered in the alternative and read as follows:

(1) "In order to convict the defendant of the crime of possession of a stolen vehicle, the State must prove beyond a reasonable doubt that the vehicle was stolen, that the defendant had possession of the vehicle, that the defendant knew or reasonably should have known that the vehicle was stolen at the time he possessed it, *and that the defendant intended to permanently deprive the true owner of possession of the vehicle.*" (Emphasis added.)

(2) "In order to convict the defendant of the crime of possession of a stolen vehicle, the State must prove beyond a reasonable doubt that the vehicle was stolen, that the defendant had possession of the vehicle, that the defendant knew or reasonably should have known that the vehicle was stolen at the time he possessed it, *and that the defendant intended to procure or pass title to the vehicle.*" (Emphasis added.)

will support a conviction for receiving stolen property. Dutton v. State, 94 Nev. 461, 581 P.2d 856 (1978).

Contrary to appellant's urging, we do not agree that Instruction No. 6 reduced the State's burden of proof on the element of knowledge to a negligence standard. The proper focus is the state of mind of the particular defendant. We believe the instructions adequately informed the jury that appellant's knowledge or appellant's reason to believe the vehicle stolen was the question to be determined by the jury. Other instructions made clear that the State must prove the defendant's guilt beyond a reasonable doubt. *Cf.* State v. Ware, 557 P.2d 1077 (Ariz.App. 1976) with People v. Johnson, 564 P.2d 116 (Colo. 1977).

While the instruction should have used the statutory language "reason to believe," the giving of Instruction No. 6 was not reversible error. It arguably was actually broader than appellant was entitled to have given. It required the State to prove that appellant acted for his own gain or to prevent the owners from reacquiring the vehicle and that appellant had either acquired or possessed the vehicle. As noted above, we believe appellant's possession of a stolen vehicle coupled with his knowledge or reason to believe it was stolen comprised the crime.

Appellant further argued that the trial court erred in giving Instruction No. 5, which stated:

> The recent unexplained possession of a stolen vehicle is evidence of the fact that the possessor of said property unlawfully took it. The elements of this rebuttable presumption are the property must be stolen, must be in the possession of the defendant, the possession must be recent, and it must be unexplained. This may be sufficient to convict in the absence of other facts and circumstances which leave a reasonable doubt in the minds of the jury.

Instruction No. 5 is erroneous. It purports to state a "rebuttable presumption" that is neither contained in the evidence code of this state nor created by our case law.[2] *See* NRS 47.180, *et seq.* The "rebuttable presumption" given to the jury is in reality a misstatement of a holding in Staab v. State, 90 Nev. 347, 350, 526 P.2d 338, 340 (1974). In that case we said that recent, exclusive and unexplained possession of stolen property by an accused person could give rise to an *inference* of guilt which might be sufficient to convict in the absence of other

---

[2]For a discussion of the ramifications of creating a presumption in a civil case, *see* Privette v. Faulkner, 92 Nev. 353, 358, 550 P.2d 404 (1976).

facts and circumstances. This inference is permissible because, "when goods have been taken from one person and are quickly found in the possession of another, there is a strong probability that they were taken by the latter." Staab v. State, cited above.

Moreover, if the "presumption" stated in the instruction were a true presumption and the presumed fact was an element of the offense, the court had the obligation to determine whether a reasonable juror could, on the evidence as a whole, find the presumed fact (that appellant took the vehicle) beyond a reasonable doubt.[3] If so, the court was obligated to instruct the jury that the presumed fact (the taking) had to be found beyond a reasonable doubt. NRS 47.230(3).

Instruction No. 5 must be read in connection with Instruction No. 7, however. Instruction No. 7 states:

> In order for the state to convict the defendant of unlawfully taking a vehicle the State must prove beyond a reasonable doubt that the defendant drove the vehicle of another without the intent to permanently deprive the owner thereof, but without the consent of the owner of the vehicle.

Instruction No. 7 is adapted from NRS 205.2715(1). Subsection (2) of that statute states: "Every person who is in possession of a vehicle without the consent of the owner of such vehicle is presumed to have taken and carried away or driven away the vehicle." Appellant did not except to the giving of Instruction No. 7 and, indeed, argued to the jury that, at most, the evidence proved "joyriding" or unlawfully taking the vehicle without the owner's consent.

---

[3]NRS 47.230 states:

"1. In criminal actions, presumptions against an accused recognized at common law or created by statute, including statutory provisions that certain facts are prima facie evidence of other facts or of guilt, are governed by this section.

"2. The judge shall not direct the jury to find a presumed fact against the accused. When the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge may submit the question of guilt or of the existence of the presumed fact to the jury, if, but only if, a reasonable juror on the evidence as a whole, including the evidence of the basic facts, could find guilt or the presumed fact beyond a reasonable doubt. Under other presumptions, the existence of the presumed fact may be submitted to the jury if the basic facts are supported by substantial evidence, or are otherwise established, unless the evidence as a whole negatives the existence of the presumed fact.

"3. Whenever the existence of a presumed fact against the accused is submitted to the jury, the judge shall give an instruction that the law declares that the jury may regard the basic facts as sufficient evidence of the presumed fact but does not require it to do so. In addition, if the presumed fact establishes guilt or is an element of the offense or negatives a defense, the judge shall instruct the jury that its existence must, on all the evidence, be proved beyond a reasonable doubt."

Again, acknowledging that Instruction No. 5 did not correctly state the law, the instruction was broader than the appellant was entitled to have given. The State, under the instruction given, had to prove that the property was stolen; that the property was in the possession of the appellant; and that his possession was recent and unexplained. Under the statutory presumption contained in NRS 205.2715(2) the State had only to prove that the appellant had possession of the vehicle and that the owner had not consented to his possession.[4] Thereafter, the court would have to act according to NRS 47.230(2) and (3).

The record shows the State proved that the vehicle had been taken some five to eight hours prior to appellant's arrest; proved that the vehicle was taken without the owners' permission; and proved that the appellant attempted to elude pursuit when his erratic driving brought him to the attention of the patrol officers. The jurors, following the instructions of the court, could have found beyond a reasonable doubt that the defendant took the vehicle without the consent of the owners.

Consideration of the entire case indicates neither a miscarriage of justice, nor prejudice to appellant's substantial rights resulted from the court instructing the jury as it did. Kelso v. State, 95 Nev. 37, 588 P.2d 1035 (1979); State v. Fitch, 65 Nev. 668, 692–93, 200 P.2d 991, 1003–04 (1948).

Appellant also contended that the court gave an improper and coercive jury instruction. Instruction No. 22 is what is commonly referred to as an *Allen* charge. (*See* Allen v. United States, 164 U.S. 492 (1896)). Instruction No. 22 is virtually identical to the instruction this court upheld in Hudson v. State, 92 Nev. 84, 545 P.2d 1163 (1976). Instruction No. 22, given at the close of the case with the other instructions, instructed the jury not to surrender conscientiously held opinions. It was not coercive. Its use in this case was not improper. *But cf.* Ransey v. State, 95 Nev. 364, 594 P.2d 1157 (1979).

The remaining contentions of error concerned a motion for mistrial and a motion by defense counsel to withdraw during trial. Since appellant has cited no authorities in support of his positions, we need not consider them. McKinney v. Sheriff, 93 Nev. 70, 71, 560 P.2d 151 (1977); Franklin v. State, 89 Nev.

---

[4]The constitutionality of NRS 205.2715(2) was upheld in Edwards v. Sheriff, 93 Nev. 13, 558 P.2d 1144 (1977).

898

382, 513 P.2d 1252 (1973); Williams v. State, 88 Nev. 164, 494 P.2d 960 (1972). Nevertheless, inspection of the record reflects that the trial court did not abuse its discretion in denying the motions made.

Affirmed.

MOWBRAY, C. J., and THOMPSON, MANOUKIAN, and BATJER, JJ., concur.