OPINION
By the Court,
Rose, J.:
Appellant Jerry Michael Sutton was charged with and convicted of trafficking in a controlled substance, possession of a controlled substance, and possession of a short-barrelled shotgun after his friend, Rickie Goodyear, who had become a confidential informant for the Henderson Police Department (HPD), made two controlled purchases of methamphetamine from Sutton at Sutton’s residence. During a search of Sutton’s home and property, officers found 10.28 grams of methamphetamine, marijuana, numerous weapons along with large quantities of ammunition, and prescription and non-prescription pills. Additionally, officers found a short-barrelled shotgun in an adjacent shed.
Although Sutton was not charged with possession of the prescription and non-prescription pills, during trial the State was allowed to introduce into evidence a container of the pills over Sutton’s objections. At the conclusion of trial, Sutton was sentenced to a term of six years’ imprisonment.
Sutton now appeals, arguing that the district court abused its *1329 discretion in admitting the container of pills. We agree; thus, we reverse Sutton’s conviction and remand for a new trial.[1]

FACTS

During the first week of May 1994, Goodyear, one of Sutton’s friends, contacted HPD Detective Robert Wamsley and informed him that Sutton was selling methamphetamine from his residence. Goodyear had become angry with Sutton because he believed that Sutton was facilitating his wife’s affair with another man by permitting them to spend time together at Sutton’s home. As a result, Goodyear decided to seek revenge against Sutton by becoming a police informant.
Later that week, Goodyear again contacted Det. Wamsley and informed him that he had arranged to purchase methamphetamine from Sutton. Based on Goodyear’s tip, Det. Wamsley and Goodyear proceeded to Sutton’s residence to conduct a controlled purchase of methamphetamine. From his vehicle parked nearby, Det. Wamsley observed Goodyear and Sutton walk around the left side of Sutton’s house and through a gate. Approximately five minutes later, Goodyear returned from the same side of the house, got inside Det. Wamsley’s vehicle, and handed him two plastic bags of methamphetamine which Goodyear claimed he had purchased from Sutton. On May 10, 1994, Det. Wamsley and Goodyear made another similar controlled purchase of methamphetamine from Sutton at his residence.
Based on Goodyear’s two purchases of methamphetamine from Sutton, Det. Wamsley sought and was granted a warrant to search Sutton’s house. On May 12, 1994, HPD officers executed the search warrant. Sutton was not present when officers searched his home, although Sutton’s wife and son, along with his houseguest, John Skorheim, were present. During their search, HPD officers found a freezer in Sutton’s backyard which contained a plastic bag with 10.28 grams of methamphetamine and a quantity of marijuana. Additionally, officers found marijuana, large quantities of prescription and non-prescription drugs, numerous guns, and considerable amounts of ammunition inside Sutton’s residence. Lastly, officers found a short-barrelled shotgun in a shed adjacent *1330 to Sutton’s house. Skorheim was asleep in the shed when the officers seized the weapon.
On April 10, 1995, Sutton was charged with five felony counts including two counts of selling a controlled substance, one count each of trafficking in and possession of a controlled substance, and one count of possession of a short-barrelled shotgun. The State did not charge Sutton with possession of the other firearms or prescription drugs.
During trial, Sutton admitted to the possession of the marijuana, but denied ownership of the short-barrelled shotgun. Further, Sutton denied making any sales of methamphetamine to Goodyear and contended that Goodyear had planted the methamphetamine on his property the day before Goodyear and Det. Wamsley made the first controlled purchase of the drug.
Sutton’s houseguest, Skorheim, testified that the short-barrelled shotgun belonged to him, and that Sutton had no knowledge that the weapon was in his possession. Additionally, Skorheim testified that on the day prior to the execution of the search warrant, he was present when Goodyear arrived at Sutton’s house and asked Sutton to store some methamphetamine for him so that Goodyear could retrieve the drugs the following day.
Det. Wamsley testified that Skorheim denied ownership of the short-barrelled shotgun on the day police searched Sutton’s residence. Although the State had not charged Sutton with possession of prescription drugs, during Det. Wamsley’s testimony the State introduced into evidence over Sutton’s objection a plastic container of large amounts of prescription and non-prescription drugs.
At the conclusion of trial, the jury found Sutton guilty of trafficking in and possession of a controlled substance, and possession of a short-barrelled shotgun. The district court sentenced Sutton to a term of six years in prison on the trafficking count, and two concurrent four-year prison terms for the possession of a controlled substance and the possession of a short-barrelled shotgun.
Sutton now appeals.

DISCUSSION

Sutton argues that the district court erred in admitting evidence of prescription and non-prescription drugs that were seized during the search of Sutton’s home because such evidence did not form the basis of any of the charged crimes. Specifically, Sutton maintains that the discovery of the container of pills, and any testimony relating to its seizure, could have been omitted without damaging *1331 the State’s case as to the other charges. Accordingly, Sutton contends that the container of pills does not fall within the res gestae exception codified at NRS 48.035(3).[2] We agree.
According to the res gestae doctrine,
when several crimes are intermixed or blended with one another, or connected such that they form an indivisible criminal transaction, and when full proof by testimony, whether direct or circumstantial, or any one of them cannot be given without showing the others, evidence of any or all of them is admissible against a defendant on trial for any offense which is itself a detail of the whole criminal scheme.
Allan v. State, 92 Nev. 318, 321, 549 P.2d 1402, 1404 (1976) (citing People v. Thomas, 83 Cal. Rptr. 879 (Ct. App. 1970)).
In State v. Shade, 111 Nev. 887, 894, 900 P.2d 327, 331 (1995), we revisited the applicability of the res gestae doctrine and explained that:
In reading NRS 48.035 as a whole, it is clear that where the res gestae doctrine is applicable ... the controlling question is whether witnesses can describe the crime charged without referring to related uncharged acts. If the court determines that testimony relevant to the charged crime cannot be introduced without reference to uncharged acts, it must not exclude the evidence of the uncharged acts.
(Footnote omitted.) In Shade, we held that the district court erred in excluding evidence of Shade’s uncharged heroin purchase because this purchase occurred contemporaneously with the offenses for which Shade was charged, arose out of the same transaction, involved the same participants, and “was inextricably intertwined with the charged crimes and completed the story leading up to Shade’s ultimate arrest.” Id. at 895, 900 P.2d at 331.
In the instant case, the State argues that the prescription and non-prescription pills constituted admissible res gestae evidence because their close proximity to the marijuana and methamphetamine suggested that all of the evidence was intertwined. Further, the State asserts that because the illegal drugs and prescription pills were found in the same relative location at approximately the same time, the testifying police officers could not provide an *1332 account of their search without referring to the uncharged pills. We find these arguments unpersuasive.
Although the police discovered the illegal drugs in close proximity to the prescription pills, this case is distinguishable from Shade in several important respects. In Shade, the State could not introduce evidence of the charged offenses without reference to Shade’s uncharged heroin purchase; here the State could have easily introduced testimony pertaining to the discovery and seizure of the illegal drugs and short-barrelled shotgun without introducing the container of highly prejudicial prescription pills for which Sutton was not charged. Moreover, in Shade, the State could not effectively prosecute Shade on any of the charged offenses without proffering evidence of Shade’s uncharged heroin purchase and concomitant police surveillance activity; in the instant case, the State’s case against Sutton for trafficking in and possession of a controlled substance, and possession of a short-barrelled shotgun was in no way predicated upon the uncharged container of pills.
As evidenced by the prosecutor’s repeated and improper references to the pills during both opening and closing arguments, we conclude that the State’s primary purpose in proffering evidence of the uncharged container of pills was to inflame the jury against Sutton in an attempt to obtain a conviction. Because the State could have introduced evidence of the crimes for which Sutton was charged without making reference to the uncharged container of pills, we reject the State’s arguments and conclude that the uncharged container of pills did not constitute admissible res ges-tae evidence. Due to its highly prejudicial nature, we conclude that the district court’s admission of the uncharged container of pills was manifestly wrong. See Petrocelli v. State, 101 Nev. 46, 52, 692 P.2d 503, 508 (1985). Accordingly, we reverse Sutton’s conviction and remand for a new trial.
Springer, C. J., and Young, J., concur.

 Sutton also argues that the district court erred in admitting a photograph depicting weapons and ammunition allegedly owned by him. Additionally, Sutton asserts that the district court erred in admitting statements made by his wife during the execution of the search warrant, that the prosecutor committed misconduct during the trial, that the district court erred in refusing to provide the jury with his proposed instructions, and that the search warrant was invalid due to a lack of probable cause. After careful review of the record on appeal and the briefs filed herein, we conclude that Sutton’s additional arguments are without merit.

 NRS 48.035(3) provides:
Evidence of another act or crime which is so closely related to an act in controversy or a crime charged that an ordinary witness cannot describe the act in controversy or the crime charged without referring to the other act or crime shall not be excluded, but at the request of an interested party, a cautionary instruction shall be given explaining the reason for its admission.