IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD EDWARD MCCALLISTER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80402

FILED

DEC 16 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge. Appellant Donald Edward McCallister argues that the district court erred in denying his petition as procedurally barred. We affirm.

McCallister's postconviction habeas petition was untimely because it was filed five years after remittitur issued on direct appeal on February 24, 2014. *See* NRS 34.726(1); *McCallister v. State* (*McCallister I*), Docket No. 60166 (Order of Affirmance, January 28, 2014). McCallister's petition was also successive because he had previously filed a postconviction habeas petition and he asserted claims that had been raised in the previous petition. *See* NRS 34.810(2); *McCallister v. State* (*McCallister II*), Docket No. 68445 (Order Affirming in Part, Reversing in Part and Remanding, February 17, 2017). Thus, McCallister's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Good cause requires showing "an impediment external to the defense prevented [McCallister] from complying with the state procedural default rules," such as where the factual or legal basis for

20-45516

a claim was not reasonably available to be raised in a timely petition. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

McCallister first argues that trial counsel should have investigated two potential witnesses, Ms. Edwards and Ms. Johnson. Part of this ineffective-assistance claim—the failure to investigate Ms. Edwards—was raised in McCallister's first postconviction habeas petition. This court affirmed the district court's decision rejecting the claim in that petition. *McCallister II*, Docket No. 68445. Relitigation of that part of the ineffective-assistance claim therefore is barred by the law of the case, which "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). McCallister has not demonstrated good cause for relitigating the claim in an untimely petition. As to the new aspect of this ineffective-assistance claim (counsel's failure to investigate Ms. Johnson), McCallister asserts that trial counsel knew of Ms. Johnson at the time of trial, which means this claim could have been raised in his first, timely postconviction habeas petition. McCallister has not shown good cause for his failure to do so. The district court therefore correctly applied the mandatory procedural bars.[1] *See State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 231, 112 P.3d 1070, 1074 (2005).

McCallister next argues that trial counsel should have challenged his charges for lewdness with a child as barred by the statute of limitations. He argues that he has good cause to raise this issue again in an untimely petition because the district court did not properly resolve it on

---

[1]The fact that current counsel recently obtained affidavits from these witnesses does not mean that the factual or legal basis for the claims was not reasonably available during the first postconviction proceeding.

remand in the first postconviction proceeding. In the prior postconviction appeal involving McCallister's first postconviction habeas petition, this court remanded for the district court to conduct an evidentiary hearing limited to whether trial counsel's omission in this regard constituted ineffective assistance. On remand, the State moved to dismiss the lewdness counts. McCallister argued that the district court had to hold an evidentiary hearing, and he filed a motion for a new trial or an evidentiary hearing, which the district court denied.[2] The district court subsequently entered an amended judgment of conviction, removing the lewdness counts.[3] The district court apparently did not enter a separate order formally denying the ineffective-assistance claim in the first petition. Even if that omission by the district court provides good cause for McCallister to relitigate this ineffective-assistance claim, McCallister does not show actual prejudice. McCallister no longer stands convicted of or under sentence of imprisonment for the lewdness charges. And contrary to McCallister's suggestions, even if the district court had held an evidentiary hearing on remand in the first postconviction proceeding, that hearing would have been limited to the single ineffective-assistance claim related to the statute of limitations for the lewdness charges. That was the only claim included in this court's remand, as this court held that McCallister's other claims lacked

---

[2]This court dismissed in part and affirmed in part the district court's decision. *McCallister v. State*, Docket No. 73261 (Order Dismissing Appeal in Part and Affirming in Part and Directing Entry of an Amended Judgment of Conviction, June 15, 2018).

[3]This court dismissed McCallister's appeal from the amended judgment of conviction because he was not aggrieved by the amendment. *McCallister v. State*, Docket No. 76869 (Order Dismissing Appeal, March 8, 2019).

merit. *McCallister II*, Docket No. 68445. The remand therefore did not open the door for McCallister to relitigate any of the claims that had been rejected or allow him to present or the district court to consider new claims. *See LoBue v. State ex rel. Dep't of Highways*, 92 Nev. 529, 532, 554 P.2d 258, 260 (1976) (concluding that the district court erred when it considered issues beyond the scope of a limited remand). Insofar as McCallister asserts that the outcome at trial might have been different if the lewdness charges had been dismissed pretrial based on the statute of limitations, we disagree. The State presented overwhelming evidence of the sexual assaults. And, the conduct underlying the lewdness charges would have been admissible regardless of whether McCallister was charged with lewdness because it occurred in the "same transaction" as the sexual assaults and was therefore relevant to a full and accurate account of the sexual assaults. *See* NRS 48.035(3); *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005) (discussing res gestae); *Allan v. State*, 92 Nev. 318, 320, 549 P.2d 1402, 1403 (1976) (holding that evidence constituting lewdness was admissible under res gestae where the acts occurred in the immediate context of the sex crimes charged as part of the "same transaction"). Because McCallister has not shown actual prejudice in this regard or any other, the district court did not err in denying the claim as procedurally barred.

McCallister next argues that trial counsel should have raised a statute-of-limitations challenge to the sexual assault charges. He argues that the victim never filed a written police report within the meaning of NRS 171.083(1) to remove the limitations period. The district court rejected the same claim raised in the first postconviction petition, and this court affirmed that decision on appeal. *McCallister II*, Docket No. 68445. The doctrine of the law of the case bars relitigation. We decline McCallister's

invitation to reconsider our prior decision, as it was not clearly erroneous and the record repels his contention that the victim did not adequately report the crimes in light of NRS 171.083(1). *See Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 729 (2007) (recognizing exceptions to the doctrine of the law of the case that have been adopted by federal courts). Thus, there was no good cause to litigate the claim again, *see* NRS 34.810(2), (3), and the district court did not err in denying this claim.

McCallister next argues that the State committed prosecutorial misconduct in charging him with lewdness with a child under 14 years of age because the State knew or should have known the statute of limitations barred those counts. This claim was reasonably available to be raised on direct appeal and is thus procedurally barred. *See* NRS 34.810(1)(b)(2). McCallister has not shown good cause or actual prejudice, particularly as the lewdness charges have been dismissed and he no longer stands convicted of those charges. The district court therefore did not err in denying this claim.

McCallister next argues that the State committed prosecutorial misconduct during closing argument by implying that he was a repeat offender. This claim was reasonably available to be raised on direct appeal and is thus procedurally barred, *see* NRS 34.810(1)(b)(2), and McCallister did not proffer any argument for good cause as to this claim. The district court therefore did not err in denying this claim.

Lastly, McCallister argues that the State offered improper vouching or bolstering testimony by five witnesses. This court considered and rejected McCallister's challenge to these witnesses' testimony on direct appeal, *McCallister I*, Docket No. 60166, and the law of the case thus bars relitigation. Because McCallister did not demonstrate good cause to

relitigate this claim, the district court did not err in denying this claim as procedurally barred.

Having considered McCallister's contentions and concluded that they do not warrant relief, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Ronald J. Israel, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk