GARY LEE GRAY, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 14788

October 4, 1984                    688 P.2d 313

*Morgan D. Harris,* Public Defender, and *Thomas C. Naylor* and *Susan Deems Roske,* Deputy Public Defenders, Clark County, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Robert J. Miller,* District Attorney, and *Chris J. Owens* and *Michael Amador,* Deputy District Attorneys, Clark County, for Respondent.

## OPINION

*Per Curiam:*

Following a jury trial, appellant was convicted of one count of possession of stolen property. At trial, appellant's primary defense was that he was not aware of the stolen nature of the property which he possessed at the time of his arrest.

Over appellant's objection, the trial court advised the jury that appellant could be found guilty of possession of stolen property if he possessed the property "knowing that the goods or property were [stolen] or [u]nder such circumstances as should have caused a reasonable man to know that such goods or property were [stolen]." Appellant now contends that this instruction was erroneous, on the ground that possession of stolen property requires actual knowledge of the stolen nature of the goods. We disagree.

The Nevada Legislature has specifically provided that a person can be convicted of possession of stolen property without actual knowledge of the stolen nature of the goods, and that it is enough to show that the goods were possessed "under such circumstances as should have caused a reasonable man to know that such goods or property were so obtained." *See* NRS 205.275(1)(b). Appellant contends that we should nevertheless ignore the clear mandate of the Legislature, and reject the "reasonable person" standard, primarily on the ground that a person is not given adequate notice of what type of conduct constitutes a violation of the statute under such a standard of

guilt. *See generally* Sheriff v. Smith, 91 Nev. 729, 542 P.2d 440 (1975) (statute must give adequate warning or notice of prohibited conduct); *see also* People v. Johnson, 564 P.2d 116 (Colo. 1977) (court rejects state legislature's imposition of reasonable person standard in cases involving possession of stolen property). We disagree with this reasoning.

When a person possesses property under such circumstances as would have caused a reasonable person to know that such property was stolen, he is given notice by those very circumstances that he is committing a crime. *See* State v. Rockett, 493 P.2d 321, 323 (Wash.Ct.App. 1972); *see also* McGlothlin v. State, 229 A.2d 428 (Md.Ct.Spec.App. 1967). Appellant's argument is therefore without merit, and we hold that a person may be found guilty of possession of stolen property in Nevada where the circumstances are such as to put a reasonable person on notice as to the stolen nature of the goods he possessed.[1]

The state concedes that the reasonable person standard includes consideration of a defendant's particular mental deficiencies. In some cases, therefore, the test will be whether a reasonable person with the defendant's mental deficiencies would have known that the property was stolen. The appellant in the present case, however, did not argue that he suffered from any mental deficiencies which would have affected a reasonable person's ability to ascertain the stolen nature of the property he possessed, and he requested no jury instruction on this particular theory.

Having considered appellant's remaining contentions and having found them to be without merit, we hereby affirm appellant's judgment of conviction.

Affirmed.

---

[1]To the extent that Dutton v. State, 94 Nev. 461, 581 P.2d 856 (1978), and Staab v. State, 90 Nev. 347, 526 P.2d 338 (1974), are inconsistent with the view set forth in this opinion, they are hereby disapproved.