# Matter of Siegfred Ara SIERRA, Respondent

*Decided April 8, 2014*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under the law of the United States Court of Appeals for the Ninth Circuit, the offense of attempted possession of a stolen vehicle in violation of sections 193.330 and 205.273 of the Nevada Revised Statutes, which requires only a mental state of "reason to believe," is not categorically an aggravated felony "theft offense (including receipt of stolen property)" under sections 101(a)(43)(G) and (U) of the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(43)(G) and (U) (2012).

FOR RESPONDENT: Xavier Gonzales, Esquire, Las Vegas, Nevada

FOR THE DEPARTMENT OF HOMELAND SECURITY: Patrick W. Lindemann, Assistant Chief Counsel

BEFORE: Board Panel: PAULEY, GUENDELSBERGER, and GREER, Board Members.

PAULEY, Board Member:

In a decision dated October 29, 2012, an Immigration Judge found the respondent removable under sections 237(a)(2)(A)(ii) and (iii) of the Immigration and Nationality Act, 8 U.S.C. §§ 1227(a)(2)(A)(ii) and (iii) (2006), as an alien convicted of two crimes involving moral turpitude and an aggravated felony, and ordered him removed from the United States. The respondent has appealed from that decision. The appeal will be sustained and the record will be remanded for further proceedings.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent is a native and citizen of the Philippines who was admitted to the United States as a lawful permanent resident in August 1997. On October 17, 2003, he was convicted in the District Court for Clark County, Nevada, of attempted forgery in violation of sections 193.330, 205.090, and 205.110 of the Nevada Revised Statutes. On February 22, 2010, he was also convicted of attempted possession of a stolen vehicle in violation of sections 193.330 and 205.273 of the Nevada Revised Statutes.

Before the Immigration Judge, the respondent conceded that he is removable under section 237(a)(2)(A)(ii) of the Act, but he denied the charge under section 237(a)(2)(A)(iii) that he was convicted of an aggravated felony. The Immigration Judge found the respondent removable as charged and ordered him removed from the United States to the Philippines.

For the reasons that follow, we conclude that attempted possession of a stolen vehicle under the Nevada statute is not categorically an aggravated felony under sections 101(a)(43)(G) and (U) of the Act, 8 U.S.C. §§ 1101(a)(43)(G) and (U) (2012). We will therefore sustain the respondent's appeal in part and remand the record to the Immigration Judge for further proceedings.

## II. ISSUE

The question in this case is whether the offense of attempted possession of a stolen vehicle in violation of sections 193.330 and 205.273 of the Nevada Revised Statutes categorically qualifies as a "theft offense (including receipt of stolen property)" within the meaning of sections 101(a)(43)(G) and (U) of the Act.

## III. ANALYSIS

The respondent argues that the offense of attempted possession of a stolen vehicle under Nevada law is not an aggravated felony because it does not meet the generic definition of attempt to receive stolen property. In particular, he claims that the Nevada statute criminalizes possession of a stolen vehicle with the mens rea of a "reason to believe" that the vehicle has been stolen, which is not sufficient to establish that the crime is a theft offense.

The respondent pled guilty to attempted possession of a stolen vehicle under section 205.273 of the Nevada Revised Statutes, which, at the time of his offense, stated the following in pertinent part:

> (1) A person commits an offense involving a stolen vehicle if the person:
> (a) With the intent to procure or pass title to a motor vehicle which he knows or has reason to believe has been stolen, receives or transfers possession of the vehicle from or to another person; or
> (b) Has in his possession a motor vehicle which he knows or has reason to believe has been stolen.

Nevada has specifically provided by statute that a person can be convicted of possession of stolen property without actual knowledge of its stolen nature if it is shown that the property was possessed "[u]nder such

circumstances as should have caused a reasonable person to know that it is stolen property." Nev. Rev. Stat. Ann. § 205.275(1)(b) (West 2013); *see also Gray v. State*, 688 P.2d 313, 314 (Nev. 1984).

Assuming, without deciding, that section 205.273 of the Nevada Revised Statutes is a divisible statute, a modified categorical approach does not resolve the question before us, since the record of conviction does not establish whether the respondent was convicted under the "knowing" or "reason to believe" portion of the statute. We are therefore presented with a pure question of law, that is, whether a person convicted under Nevada law of attempted possession of a stolen motor vehicle under either prescribed mental state with regard to the stolen character of the property has been convicted of an aggravated felony "theft offense (including receipt of stolen property)" within the meaning of sections 101(a)(43)(G) and (U) of the Act.

In *Matter of Bahta*, 22 I&N Dec. 1381 (BIA 2000), we addressed whether a similar offense under Nevada law, attempted possession of stolen property in violation of sections 193.330 and 205.275, was an aggravated felony under sections 101(a)(43)(G) and (U) of the Act. The focus of our inquiry in that decision was not on the applicable mens rea but rather on the issue raised, which was whether the reference to "receipt of stolen property" in section 101(a)(43)(G) was intended to encompass a broad range of offenses "involving knowing receipt, possession, or retention of property from its rightful owner." *Id.* at 1391. We concluded that the reference was intended to clarify that the term "theft" was not being used in its limited traditional sense to require proof that the offender was involved in the actual taking of the property at issue. *Id.* at 1390. We therefore held that the parenthetical was intended to include the category of offenses involving knowing receipt, possession, or retention of property from its rightful owner. *Id.* at 1391.

Because our focus in *Matter of Bahta* was on the alien's contentions in that case, which sought to place a limiting construction on the scope of the term "receipt," we did not fully consider the question raised here involving the necessary mens rea for an offense to qualify as an aggravated felony "theft offense (including receipt of stolen property)" under section 101(a)(43)(G) of the Act. In any event, the United States Court of Appeals for the Ninth Circuit, in whose jurisdiction this case arises, has subsequently decided cases that we find are now controlling on this issue. Based on those intervening decisions, we hold that under the law of the Ninth Circuit, the mental state of "reason to believe" in section 205.273(1) is insufficient for attempted possession of a stolen motor vehicle in violation of the Nevada statute to qualify categorically as an aggravated felony "theft offense (including receipt of stolen property)."

The generic definition of a theft offense requires that the exercise of control over stolen property be "with the criminal intent to deprive the owner of rights and benefits of ownership, even if such deprivation is less than total or permanent." *United States v. Corona-Sanchez*, 291 F.3d 1201, 1205 (9th Cir. 2002) (en banc) (quoting *Hernandez-Mancilla v. INS*, 246 F.3d 1002, 1009 (7th Cir. 2001)) (internal quotation mark omitted), *superseded on other grounds by* U.S. Sentencing Guidelines Manual § 2L1.2, cmt. n.4 (2002); *see also Matter of Garcia-Madruga*, 24 I&N Dec. 436, 438 (BIA 2008) (citing *Matter of V-Z-S-*, 22 I&N Dec. 1338, 1346 (BIA 2000)).

In *Matter of Cardiel*, 25 I&N Dec. 12 (BIA 2009), we determined that receipt of stolen property in violation of section 496(a) of the California Penal Code was categorically a "theft offense (including receipt of stolen property)" under section 101(a)(43)(G) of the Act. The California statute required that the offender received the property "knowing" that it was stolen or obtained by theft or extortion. We concluded that under the prevailing circuit law, although the intent to deprive was not explicitly stated in the California statute, it was implicit or properly inferred from the requisite scienter of knowledge in the context of a receipt offense. *Id.* at 24−25; *see also Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) (reaffirming that a theft offense must contain the element of criminal intent to deprive the owner of rights and benefits of ownership in finding that the knowing receipt of stolen property under section 496(a) of the California Penal Code was an aggravated felony).

In this regard, we cited *Randhawa v. Ashcroft*, 298 F.3d 1148, 1154 (9th Cir. 2002), where the Ninth Circuit held that a conviction under 18 U.S.C. § 1708 for "knowing" possession of stolen mail inferentially contained the element of an intent to deprive the true owner of the rights and benefits of ownership of the mail. According to the court,

> To be guilty of possession of stolen mail . . . , a hypothetical offender must know that the mail is stolen. From this knowledge, we infer the requisite criminal intent under our generic definition; an individual who possesses mail he or she knows to be stolen necessarily intends to deprive the mail's true owner of his or her rights and benefits of ownership.

*Id.*; *cf. Burke v. Mukasey*, 509 F.3d 695 (5th Cir. 2007) (holding that the "knowing" possession of stolen property under New York law qualifies as an aggravated felony). The Ninth Circuit has also found that there was no conviction for an aggravated felony theft offense under a similar Arizona law in the absence of a showing of knowledge in *Huerta-Guevara v. Ashcroft*, 321 F.3d 883, 887 (9th Cir. 2003), stating that it could not "tell from the mere fact of Huerta's conviction for possession of a stolen vehicle

that she knew the vehicle was stolen or that the vehicle was taken or control was exercised with the requisite criminal intent."

Unlike the California statute in *Cardiel*, a conviction will lie under the Nevada statute where the offender only has a "reason to believe" that the property possessed was stolen. No valid inference may be drawn that the offender intended to deprive the true owner of the rights and benefits of ownership where he was not actually aware of the stolen character of the item received but merely should have been aware of that fact from the circumstances. We note in this regard that the "reason to believe" standard is something different from, and less than, knowledge, as Nevada has expressly provided by statute. Nev. Rev. Stat. Ann. § 205.275(1)(a)−(b) (stating that a person commits an offense involving possession of stolen property if he possesses it knowing that it is stolen property *or* under circumstances that should have caused a reasonable person to know that it was stolen). Otherwise, the phrase "reason to believe" in section 205.273 would be superfluous. *See, e.g.*, *United States v. Kaur*, 382 F.3d 1155, 1157 (9th Cir. 2004).

Given the controlling law of the Ninth Circuit, we conclude that a mental state of "reason to believe" is insufficient to establish that the crime of attempted possession of a stolen motor vehicle in violation of the Nevada statute is categorically an aggravated felony "theft offense (including receipt of stolen property)" within the meaning of sections 101(a)(43)(G) and (U) of the Act.[1] In view of this determination, we need not address the respondent's other arguments on appeal.

Finally, the respondent has filed a motion asserting that he is a derivative United States citizen because his mother has naturalized. On remand, the Immigration Judge should address the respondent's claim of derivative citizenship, including making any necessary findings of fact.

Accordingly, the respondent's appeal will be sustained in part, the Immigration Judge's order will be vacated, and the record will be remanded for further proceedings.

**ORDER:** The appeal is sustained in part and the Immigration Judge's order of removal is vacated.

---

[1] However, we reserve the question of what Congress meant by the term "receipt of stolen property" in section 101(a)(43)(G) of the Act for a future case where circuit law does not dictate that such an offense requires a showing that the actor had an intent to deprive the owner of his property. We note that our survey of receipt of stolen property statutes reveals that many State statutes included a "reason to believe" standard at the time Congress enacted section 101(a)(43)(G) in 1994, although most Federal statutes did not. *See Taylor v. United States*, 495 U.S. 575 (1990).

**FURTHER ORDER:** The record is remanded to the Immigration Judge for further proceedings consistent with the foregoing opinion and for the entry of a new decision.