An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

CODY ALLEN ELLISON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66530

FILED

NOV 24 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of burglary. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant, Cody Ellison, was arrested after he sold a laptop computer and a video game console to two different pawnshops. The State charged Ellison with two counts of burglary, alleging that Ellison entered the pawnshops with the intent to obtain money under false pretenses.

When the police arrested Ellison, he originally claimed he purchased the items via Craigslist from a seller named Joey. Ellison next claimed he bought them locally from a person named Skyler. Ellison conceded that the items were probably stolen because he bought them for so little.

At trial, the State introduced the pawnshops' records documenting the purchases from Ellison. The State also introduced video surveillance footage showing Ellison entering the stores and selling the electronics. The district court admitted the video surveillance over Ellison's objection. He argued that the videos could not be admitted without testimony from the employees featured in the videos because those employees would not be available for cross-examination.

15-36017

After the presentation of evidence, the defense objected to a proposed jury instruction, which allowed the jury to infer that a person knowingly possesses stolen property when that person (1) possesses property that was recently stolen, and (2) cannot satisfactorily explain that possession. Ellison proposed his own instruction, which was worded differently. The court overruled Ellison's objection because the elements of the crime were already adequately covered. The jury found Ellison guilty on both counts of burglary and the court sentenced him to two concurrent five year sentences with parole eligibility after two years.

On appeal, Ellison argues that (1): the district court erred by admitting the pawnshop receipt and surveillance video because that evidence violated the Confrontation Clause and because it was not properly authenticated; (2) the district court erred by issuing a misleading and improper jury instruction regarding possession of stolen property; and (3) there was not sufficient evidence to support his conviction.

We conclude that the district court did not err in admitting the receipt or the video because the Confrontation Clause does not apply to machine-produced business records and the State laid a proper foundation for the evidence. We further conclude that the district court did not abuse its discretion in instructing the jury because the State may produce evidence of possession of stolen property to prove an element of burglary, even if it is not charging possession of stolen property in and of itself. Finally, we conclude that there was sufficient evidence for a rational juror to conclude that Ellison was guilty beyond a reasonable doubt because the evidence established that Ellison knew the property was stolen when he entered the stores to sell the property.

*Admission of pawnshop receipt and video surveillance*

Ellison argues that admission of the sales receipt and surveillance footage violated the Sixth Amendment's Confrontation Clause because it effectively introduced testimony of an unknown pawn store employee. Ellison also argues that the receipt and footage were inadmissible hearsay because the State did not present testimony of the employee who maintained the security equipment or the employee who performed the transaction producing the receipt.

*Confrontation Clause*

Because Ellison preserved the issue for appeal, we would generally review the district court's decision to admit this evidence, over Ellison's objection, for an abuse of discretion. *See Mclellan v. State*, 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). "However, whether a defendant's Confrontation Clause rights were violated is ultimately a question of law that must be reviewed de novo." *Chavez v. State*, 125 Nev. 328, 339, 213 P.3d 476, 484 (2009) (internal quotation marks omitted).

"[T]he Confrontation Clause bars 'admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify, and the defendant had had a prior opportunity for cross-examination.'" *Id.* at 337, 213 P.3d at 483 (2009) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004)).

Although much Confrontation Clause jurisprudence has "dealt with the definition of 'testimonial,'" *id.* at 338, 213 P.3d at 483, the main issue here is whether the receipt and surveillance video include statements at all.

The California Supreme Court and some federal courts have recently held that machines are not declarants for purposes of the Confrontation Clause. *See People v. Lopez*, 286 P.3d 469, 478 (Cal. 2012) (noting agreement with federal courts). Here, the receipt is a statement automatically generated by a machine. Likewise, the surveillance videos are silent and do not include statements from the store employees. Therefore, the receipt and videos are not subject to the Confrontation Clause because machines are not witnesses that can be confronted.[1] Therefore, we conclude that the admission of this evidence does not violate the Confrontation Clause.

*Authentication*

Because Ellison did not object on the grounds that the video surveillance was not a fair and accurate representation, we review for plain error. *See Mclellan*, 124 Nev. at 267, 182 P.3d at 109 (2008). An error is plain when it is clear from a casual inspection of the record and affected the defendant's substantive rights. *Id.*

"'[T]he requirement of authentication . . . is satisfied by evidence or other showing sufficient to support a finding that the matter in question is what its proponent claims.'" *Archanian v. State*, 122 Nev.

---

[1]To the extent that the receipt depends on human input, that input is not a testimonial statement. At the time, the unidentified clerk was unaware that prosecution would emerge: He or she entered the information into the machine in order to complete the transaction. The key here is that the relevant information was contemporaneously entered into the machine, not entered once the store suspected the items were stolen. *See Davis v. Washington*, 547 U.S. 813, 827-28 (2006) (distinguishing a 911 call as non-testimonial when declarant was speaking about events as they were happening in order to call for help, not reporting a past event).

1019, 1030, 145 P.3d 1008, 1016-17 (2006) (quoting NRS 52.015(1)). In *Archanian*, a police detective "testified that the substance of the composite videotape was identical to what he viewed downloaded from the surveillance system on the first videotape." *Id.* at 1030, 145 P.3d at 1017. We explained that, although a security professional should have been called to testify to the authenticity of the original surveillance video, "[n]othing in the record raise[d] such concerns." *Id.* We also noted that the defendant conceded that the surveillance video was accurate. *Id.* Therefore, we held that the officer's testimony sufficiently authenticated the video evidence. *Id.*

Here, like in *Archanian*, an officer testified that the video downloaded onto the CD was identical to what he viewed on the surveillance system. Moreover, nothing in the record raises any concerns that the video was not accurate. Further, not only did the defense fail to object to authenticity or accuracy at trial, defense counsel stipulated to its authenticity. Therefore, we conclude that the district court did not plainly err by admitting the surveillance video.

*Jury instructions*

Ellison contends that the jury instruction might have confused the jurors because the jury may have inferred criminal intent sufficient for burglary using the inference that Ellison knowingly possessed stolen property. The State argues that this instruction was not confusing because the knowledge that the electronics were stolen is necessary to show that Ellison had the intent to obtain money under false pretenses, in this case, selling property that he did not lawfully own. Further, there was an additional instruction stating that the State had the burden to show a specific intent to cheat or defraud the pawnshop.

"The district court has broad discretion to settle jury instructions, and this court reviews the district court's decision for an abuse of that discretion or judicial error." *Crawford v. State*, 121 Nev. 744, 748, 121 P.3d 582, 585 (2005)

"The State may present a full and accurate account of the crime, and such evidence is admissible even if it implicates the defendant in the commission of other uncharged acts." *Bellon v. State*, 121 Nev. 436, 444, 117 P.3d 176, 181 (2005). "Other criminal acts of a defendant are admissible if substantially relevant and if not offered for the purpose of showing the likelihood that he committed the act of which he is accused in conformity with a trait of character." *Santillanes v. State*, 104 Nev. 699, 701, 765 P.2d 1147, 1148 (1988). Thus, the State was allowed to present evidence and instruction on possession of stolen property because it is the underlying felony to the burglary charge even though the State did not charge Ellison with possession of stolen property.

We have approved the instruction that a jury may infer from the circumstances that a person knowingly possessed stolen property. *See Gray v. State*, 100 Nev. 556, 558, 688 P.2d 313, 314 (1984) (holding "that a person may be found guilty of possession of stolen property in Nevada where the circumstances are such as to put a reasonable person on notice as to the stolen nature of the goods he possessed"). Further, the instruction was relevant. *See Moore v. State*, 122 Nev. 27, 36, 126 P.3d 508, 514 (2006) (the fact that defendant entered a store with a stolen credit card was relevant to establishing the requisite intent for burglary).

Although the State did not charge Ellison with possession of stolen property, the fact that Ellison knowingly possessed stolen property was relevant to establishing his intent to obtain money by false pretenses.

The State was required to present evidence that Ellison knew the property was stolen in order to prove that he entered the pawnshops with the intent to obtain money by false pretenses. The evidence showed that Ellison at the very least knew that the electronics were probably stolen. From that evidence, the jury could reasonably conclude that Ellison knowingly possessed and intended to sell stolen property to obtain money by false pretenses. Therefore, the court correctly instructed the jury it may reasonably draw the inference and find that Ellison knew the property had been stolen if he possessed the recently stolen property without a satisfactory explanation.

Additionally, Ellison argues that the district court erred by rejecting his proposed negatively worded defense instruction and his proposed instruction on the elements of the crime. He argues that courts may not exclude proposed defense instructions simply because other instructions cover the material. We disagree. This court has stated that "it is not error to refuse to give an instruction when the law encompassed therein is substantially covered by other instructions given to the jury." *Hooper v. State*, 95 Nev. 924, 926, 604 P.2d 115, 116 (1979).

Therefore, the district court did not abuse its discretion when it instructed the jury on the elements of possession of stolen property.

*Sufficiency of the Evidence*

Ellison argues that the evidence was insufficient because he had no reason to think that the property was stolen and that he presented a compelling defense that he legitimately purchased the electronics from someone in his neighborhood and supported that defense with witness testimony. The State argues that the evidence was sufficient and points out that the interviewing officer caught Ellison in a lie regarding his

defense, whereby Ellison claimed to have bought the items on Craigslist, but changed his story when he could provide no emails or other documentation to show any online purchases.

"When reviewing a criminal conviction for sufficiency of the evidence, this court determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the prosecution." *Brass v. State*, 128 Nev., Adv. Op. 68, 291 P.3d 145, 149-50 (2012). "This court will not reweigh the evidence or evaluate the credibility of witnesses because that is the responsibility of the trier of fact." *Clancy v. State*, 129 Nev., Adv. Op. 89, 313 P.3d 226, 231 (2013) (internal quotations omitted). To convict Ellison of burglary, the State needed to produce sufficient evidence to prove that Ellison, "enter[ed] any . . . shop . . . store . . . or other building . . . with the intent . . . to obtain money or property by false pretenses." NRS 205.060(1).

We conclude that Ellison's argument lacks merit. The surveillance video showed Ellison entering the store and selling the items. Further, the receipt showed that Ellison received money for the items. The jury was not persuaded by Ellison's alibi defense because testimony showed that he initially lied about how he obtained the stolen property. Further, the jury believed the officer's testimony that Ellison admitted to thinking that the items were probably stolen. Moreover, Ellison conceded that he entered the pawnshop to sell the items. Therefore, viewed in the light most favorable to the prosecution, a rational juror could reasonably

conclude that the evidence was sufficient to establish beyond a reasonable doubt that Ellison entered the pawnshop with the intent to obtain money by false pretenses. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk