# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAIME STEVEN GABRIEL ALCANTAR,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 80132

FILED

JUL 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of possession of a stolen vehicle. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.

Appellant Jaime Alcantar first argues that his conviction for possession of a stolen vehicle and acquittal for grand larceny auto are inconsistent verdicts. He asserts that the State's sole theory for the possession-of-a-stolen-vehicle charge was that Alcantar knew the car was stolen because he stole it and, thus, if the jury did not believe that Alcantar stole the car, it could not convict him of possession of a stolen vehicle. This argument fails because possession of a stolen vehicle requires evidence that the defendant "[h]as in his or her possession a motor vehicle which the person knows *or has reason to believe* has been stolen." NRS 205.273(1)(b) (emphasis added). And, in this case, the State presented sufficient evidence that Alcantar knew or had reason to believe that the vehicle was stolen: the vehicle owner testified that Alcantar took the car without permission, Alcantar did not return the car when the owner asked, and the owner told Alcantar via text message that he reported the car as stolen. *See id.*; *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992) (providing that, in reviewing a challenge to the sufficiency of the evidence, this court considers "whether, after viewing the evidence in the light most favorable

20-26998

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))). Thus, the jury could properly acquit Alcantar of grand larceny auto while finding him guilty of possession of stolen vehicle on the theory that, even if he did not steal the vehicle himself, he knew the vehicle was stolen when it was in his possession,[1] and that finding was supported by sufficient evidence.[2] *See Gray v. State*, 100 Nev. 556, 558, 688 P.2d 313, 314 (1984) (providing that knowledge that property is stolen is sufficient to support a charge of possessing stolen property).

Alcantar also challenges the district court's failure to instruct the jury on the definition of "stolen." Because he did not object below, we will only reverse if the failure to give the instruction was patently prejudicial. *See Flanagan v. State*, 112 Nev. 1409, 1423, 930 P.2d 691, 700 (1996) ("Failure to object or to request an instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect a defendant's right to a fair trial."). Alcantar argues that prejudice resulted because, without defining "stolen," the jury improperly convicted him on the possession charge despite finding he did

---

[1]For this reason, Alcantar's argument that the district court erred in rejecting a proposed jury instruction stating that the jury could not find Alcantar guilty of possession if it did not find him guilty of grand larceny, fails. *See* NRS 205.273(1)(b); *Sanchez-Dominguez v. State*, 130 Nev. 85, 89-90, 318 P.3d 1068, 1072 (2014) (providing that a defendant is not entitled to inaccurate jury instructions); *Gray v. State*, 100 Nev. 556, 558, 688 P.2d 313, 314 (1984).

[2]Furthermore, the jury was instructed that it could only find Alcantar guilty of grand larceny *or* possession, such that the jury may have considered Alcantar guilty of both, but only found him guilty of possession in order to follow the jury instructions.

not commit grand larceny auto. As stated above, the jury could properly find Alcantar guilty of the possession charge without finding him guilty on the grand larceny charge. *See Gray*, 100 Nev. at 558, 688 P.2d at 314. Alcantar points to no other prejudice and reversal is therefore not warranted.

Next, Alcantar claims that judicial misconduct warrants reversal because the district court undermined the presumption of innocence by making statements during jury selection regarding the reasonable doubt standard and Alcantar's arrest, thereby depriving him of a fair trial. We disagree that the district court's statements constituted misconduct. As to the arrest, the district court informed the jury pool that it could not conclude that Alcantar was guilty merely because he was arrested[3] on these charges and never commented his custodial status. *See Haywood v. State*, 107 Nev. 285, 287-88, 809 P.2d 1272, 1273 (1991) (recognizing that a district court should not comment on a defendant's custodial status). Thus, although the district court's comments regarding arrest were inarticulate, the comment during voir dire does not rise to the level of judicial misconduct warranting reversal. *See Parodi v. Washoe Med. Ctr., Inc.*, 111 Nev. 365, 367-68, 892 P.2d 588, 589-90 (1995) (discussing judicial misconduct). And the jury was properly instructed on the reasonable doubt standard at the close of trial, making any alleged error regarding the court's statements on that standard harmless. *See Randolph v. State*, 117 Nev. 970, 981, 36 P.3d 424, 431 (2001) ("We have . . . consistently deemed incorrect explanations of reasonable doubt to

---

[3]The jury also heard evidence during trial, without objection, that Alcantar was arrested for grand larceny and possession of stolen property.

be harmless error as long as the jury instruction correctly defined reasonable doubt.").

Alcantar also claims that reversal is warranted because improper bad act evidence was introduced. He first asserts that the prosecutor improperly elicited testimony from a witness that Alcantar did illegal drugs. Although the district court declined to give a curative instruction following Alcantar's complaint regarding the testimony; this is not reversible error where the elicitation was inadvertent; the State immediately moved on; the parties appeared to agree that, if a curative instruction was warranted, Alcantar would request it at a later time; and overwhelming evidence supported the verdict. *See Mclellan v. State*, 124 Nev. 263, 271, 182 P.3d 106, 112 (2008) (providing that the improper admittance of bad act evidence is not reversible error when it does "not have a substantial or injurious effect on the jury's verdict because the evidence against [the defendant] was overwhelming"). As discussed above, overwhelming evidence supports Alcantar's conviction for possession of a stolen vehicle.

Alcantar also claims that the district court abused its discretion in admitting bad act evidence that he damaged the vehicle at issue. *See id.* at 267, 182 P.3d at 109 (reviewing the admission of evidence for an abuse of discretion). But this evidence was directly relevant to the grand larceny auto charge and whether Alcantar had the intent to permanently deprive the vehicle's owner of the vehicle. *See* NRS 48.045(2) (providing that evidence of other bad acts is admissible to prove intent). It was also necessary to explain the entire sequence of events, in particular that the security officer approached the vehicle at the Tropicana because it looked suspicious with a broken window. *See* NRS 48.035(3) (providing that

evidence of another crime "shall not be excluded" when it is so intertwined with the charged crime that the latter cannot be discussed without referring to the former). And the district court instructed the jury that it could not convict Alcantar solely based on the damage done to the car. *See* NRS 48.035(3) (providing that the district court shall give a limiting instruction regarding the bad act evidence upon request).

Alcantar also argues that we should reverse his conviction because of prosecutorial misconduct. His first assertion of misconduct—the prosecutor's statement that no evidence supported Alcantar's closing argument that his leaving of belongings at the vehicle owner's house demonstrated his intent to return the car—fails as the challenged statement is not misconduct. *See Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008) (providing that the first step in reviewing a prosecutorial misconduct claim is "determin[ing] whether the prosecutor's conduct was improper"). Even if evidence was presented at the pretrial hearing that Alcantar left his belongings at the vehicle owner's house, Alcantar did not present any such evidence at trial, and it was not misconduct for the State to argue in closing that the argument lacked evidentiary support. *See Rose v. State*, 123 Nev. 194, 209 & n.39, 163 P.3d 408, 418 & n.39 (2007) (providing that a prosecutor's statement that is supported by the evidence is not misconduct).

Alcantar's second assertion of prosecutorial misconduct also fails. The State's questioning of Alcantar's witness regarding a misconduct investigation of the witness by his employer was not prosecutorial misconduct as NRS 50.085(3) permits the State, on cross-examination, to question a witness about specific instances that are relevant to the witness's

truthfulness.[4] *Butler v. State*, 120 Nev. 879, 890-91, 102 P.3d 71, 79-80 (2004) (discussing NRS 50.085(3)); *see also Valdez*, 124 Nev. at 1188, 196 P.3d at 476 (addressing prosecutorial misconduct). And the State did not introduce any extrinsic evidence regarding the alleged employment misconduct. *See* NRS 50.085(3) (prohibiting the use of extrinsic evidence to prove "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's credibility, other than conviction of [a] crime").

Finally, Alcantar also claims that the State committed prosecutorial misconduct when it argued that the jury could infer intent to permanently deprive the vehicle's owner from the damage to the car. As stated above, this argument was relevant as an essential element of the grand larceny auto charge—whether Alcantar had the intent to permanently deprive the owner of the item taken. *See* NRS 48.045(2); *see also* NRS 205.228; *Grant v. State*, 117 Nev. 427, 435, 24 P.3d 761, 766 (2001). And, regardless, Alcantar was acquitted on the grand larceny charge and does not assert that the argument affected the conviction on the possession charge, which does not require the intent to permanently deprive. *See Valdez*, 124 Nev. at 1190, 196 P.3d at 477 (declining to reverse for unobjected-to prosecutorial misconduct "unless the defendant demonstrates that the error affected his or her substantial rights, by causing actual prejudice or a miscarriage of justice" (internal quotation marks omitted)).

---

[4]The witness's employer found that the witness had obtained money under false pretenses and recommended termination, but the witness resigned before the employer completed its investigation.

Based on the foregoing, we

ORDER the judgment of conviction AFFIRMED.[5]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Jerry A. Wiese, District Judge
     Clark County Public Defender
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk

_____

[5]As there are no errors to cumulate, Alcantar's argument that cumulative error warrants reversal lacks merit. *Morgan v. State*, 134 Nev. 200, 201 n.1, 416 P.3d 212, 217 n.1 (2018).